**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) Criminal Action No: 05-47-KAJ | |
| NELSON LORA-PENA, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO COMPEL

**COMES NOW**, the Defendant, Nelson Lora-Pena, by and through his undersigned counsel, William J. Rhodunda, Jr., and moves this Honorable Court for an Order compelling the government to provide discovery pursuant to Federal Rule of Criminal Procedure 16. In support hereof, Defendant states as follows:

1. On April 9, 2005, Mr. Lora-Pena was arrested at his home located at 4 Dunbar Road, Newark, Delaware for an arrest warrant issued on April 11, 1996 for a violation of probation.

2. On April 9, 2005 members of the Fugitive Task Force approached Mr. Lora-Pena's residence. Mr. Lora-Pena was inside the residence with his two pit-bulls and happened to approach the front door when a Deputy United States Marshal was apparently ready to see if Mr. Lora Pena was home. The Deputy Marshal drew his weapon when the dogs started barking and jumping up and down at the storm door (the front door was open allowing people to see in and out of the house). When Mr. Lora-Pena's opened the door about 6 inches the Deputy United States Marshal kicked the door shut assuring that Mr. Lora-Pena and the two pit-bulls would be inside the residence. Mr. Lora-Pena was startled by having an individual pointing a handgun in

his direction did go to the back of the house where ultimately he was pursued by several United States Marshals and beaten severely. During the incident, a Deputy United States Marshal fired his weapon. One Deputy United States Marshal sustained two scratches the size of a pea (a small one).

3.  On May 12, 2005, the Grand Jury for the District of Delaware indicted Mr. Lora-Pena on three counts related to violations of 18 U.S.C. §111(a) and (b) and one count related to a violation of 18 U.S.C. §111(a)(1). One felony count is associated with two very minor scratches allegedly caused by Mr. Lora-Pena while Mr. Lora-Pena was being beaten by several Deputy United States Marshals. The two other felony counts are related to Mr. Lora-Pena's alleged use of pit-bull terriers to resist arrest.

4.  A preliminary hearing was held on April 20, 2005 at which time Assistant United States Attorney April M. Byrd presented the matter on behalf of the government and United States Marshal David testified.

5.  On May 25, 2005, the government provided certain discoverable materials to Counsel for Mr. Lora Pena.

6.  On June 7, 2005, the defense requested additional discoverable materials and attached hereto as Exhibit A is a copy of Defendant's request for discoverable materials.

7.  On June 8, 2005, the government responded to the June 7, 2005 request for discovery blanketly denying all individual requests for additional discovery and attached hereto as Exhibit B is a copy of the government's response.

8.  On June 9, 2005, counsel for the Defendant requested the government to reconsider its position and attached hereto as Exhibit C is a copy of counsel's request.

9. On June 10, 2005, counsel for the government requested justification for the discoverable materials sought by the defense and attached hereto as Exhibit D is a copy of the government's position.

10. On June 13, 2005, counsel for the Defendant set forth the basis for the request for the discoverable materials originally sought in the June 7, 2005 letter to counsel for the government and attached hereto as Exhibit E is a copy of the Defendant's basis for the requested discoverable materials.

11. On June 13, 2005, counsel for the government responded to the June 13, 2005 letter and clarified its position on why the request for discoverable materials was being denied. Attached hereto as Exhibit F is a copy of the government's response on why Defendant's request for discoverable materials was being denied.

12. In lieu of the government's position in its June 13, 2005 letter, the defense now requests the Court to sign an Order compelling the government to provide the materials requested below.

    (1) A copy of all documents related to the underlying charges that resulted in the violation of probation that resulted in Mr. Lora-Pena's recent arrest.

    The government contends that it has already produced all of the materials that are within its possession, including: (1) Revocation Petition and Warrant issued by United States District Court for the District of Delaware; (2) Arrest Warrant, with supporting Affidavit issued by the State of Rhode Island; and (3) Deportation Warrant issued by INS. However, at the preliminary hearing on April 20, 2005, counsel for the government indicated that, "When the Defendant was on Federal Supervisory Release for cooking up fake passports that were apparently being used by his drug cohorts, he was committed in Federal Court in Rhode Island

for that offense…" This statement regarding the passport violation is not supported by the records supplied, nor is that rendition of the original violation consistent with information my office has received from the Defendant's probation officer in Rhode Island. Accordingly, pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, we reiterate our request for all documents related to the violation of probation to determine if there was even a valid Violation of Probation pending at the time of Mr. Lora-Pena's arrest.

(2) Please provide a copy of all records related to the charges pending against Mr. Lora-Pena in the State of Rhode Island related to the arrest warrant obtained by the Johnston Police Department.

The government has indicated that all such documents have been produced. However, at the preliminary hearing on April 20, 2005, counsel for the government indicated, "that he [Lora-Pena] would cooperate with the police and further their investigative efforts to apprehend drug suppliers and a set-up controlled buy in Rhode Island by the local police department there for the Defendant to go into a house or residence and purchase a quantity of narcotics under a controlled setting. Unfortunately, it wasn't as controlled as it should have been because the Defendant went to the front door and out the back door…" The statement made by counsel for the government is not supported by any documents provided by the government. Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), the defendant contends that any items in the government's possession are material to preparing the defense. The nature of the Violation of Probation and any subsequent criminal conduct certainly goes to the state of mind of the officers and their decisions to use deadly force while arresting Mr. Lora-Pena.

(3) Please provide a disc or negatives of the photographs provided.

The government did provide photographs that were printed off a computer, of the alleged injuries sustained by the United States Marshal and numerous pictures of Mr. Lora-Pena that clearly show the serious injuries inflicted by members of the United States Marshal's office. The government is contending that the printed-out photographs that we have been supplied satisfy the Federal Rules of Criminal Procedure. However, the defense would like a duplicate of the disc so that the photographs can be independently viewed. Counsel for the defense and potential expert witnesses need to examine the contents of the photographs. The government is contending that the disc can be viewed only at the United States Marshal's office and that is unacceptable to the Defendant. A disc can be easily copied and the defense would respectfully request that a duplicate disc be required so that the Defendant and potential defense experts can fully examine the photographs provided.

In paragraphs 4, 5 and 6 below the defense sought certain training manuals, policies and/or regulations. These categories of items are addressed following recitation of requests.

(4)  Please provide a copy of all training manuals, policies, and/or regulations related to the operation of the Fugitive Task Force.

(5)  Please provide a copy of all training manuals, policies, and/or regulations related to how Marshals and/or Task Force officers are prepared to handle encounters with pit-bull terriers.

(6)  Please provide a copy of all training manuals, policies, and/or regulations that relate how situations are handled by Marshals and/or Task Force officers with allegedly resisting suspects and the use of deadly force.

The defense sought the above-referenced training manuals, polices, and/or regulations of three areas based on the specific circumstances related to this case. It is the Defendant's position that this matter was completely mishandled by the Fugitive Task Force and that the result of mishandling this matter Mr. Lora-Pena was severely beaten and allegedly a United States Marshal was slightly injured. There was supposedly surveillance of defendant to locate him (this was mentioned in one report on incident), but the defense is not sure since the government has refused to produce documents related to surveillance. One would think the Marshals would have been aware that there were Pit Bulls in the residence and been prepared to handle situation However, it is undisputed that a United States Marshal kicked the door shut when the Defendant opened the door thus trapping Mr. Lora-Pena and the dogs inside the residence. The government then charged two counts of felony Assault because the Marshal's had to go into the house where pit-bulls were located. The Marshals created the dangerous situation with the Marshals being outside the home and Mr. Lora-Pena and the pit-bulls being inside the home. Beyond the reckless manner in which the Marshal's office elected to effect the arrest of Mr. Lora-Pena the use of force documentation is necessary because the Defendant intends to raise the defense of self-defense. The various training manuals, policies, and/or regulations are material to preparing the defense pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) and are documents within the government's possession, custody or control.

      (7)    Please provide a copy of all medical records, reports, or otherwise related to examination and treatment of the injuries sustained by Deputy United States Marshal Leo.

The government contends there are no other responsive documents. Thus the defense has no further request at this time.

(8) Please provide the actual pants, shirt, and any other exterior clothing, of any type, worn by Deputy United States Marshal Leo, Deputy United States Marshal Robert Denney, United States Marshal David Thomas and Deputy United States Marshal William David at the time of Mr. Lora-Pena's arrest.

The government has indicated that the personal clothing worn by the officers were not retained as evidence. However, to the extent that the clothing of the requested Marshals is available, the defense is requesting that clothing. The government has repeatedly indicated there was a vicious attack by Mr. Lora-Pena's pit-bulls and that Mr. Lora-Pena allegedly put up a big fight against the Marshals. Accordingly, the Defendant is certainly entitled to examine all exterior clothing worn by the identified individuals listed above. If the Pit Bulls attacked somebody I would expect clothing to be damaged. In addition if blood can be found on clothing the defense may be able to establish timing and identity of Marshal's involved with beating Mr. Lora Pena.

(9) Please provide a copy of any and all photographs, posters, or any other materials produced by the United States Marshal's Office or any other Federal, State, or local agency using a depiction of Mr. Lora-Pena. It is my understanding that my client's photograph is being used as some sort of informational piece that has been produced by the government.

The government has indicated that one of the photographs taken of Mr. Lora-Pena that depicts him being placed in the police vehicle with a black and blue closed eye and other head injuries is being used on a poster to tout the Fugitive Task Force. The use of the photograph is highly inappropriate. In light of the fact that the government charged him with three felonies and one misdemeanor offenses, the use of the photograph at trial for cross-examination purposes on bias is clearly relevant. Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), the

Defendant is entitled to a copy of the photograph as it is within the possession, custody or control of the government and is material to preparing the defense.

(10) All documents related to the government's efforts to located Mr. Lora-Pena including any surveillance conducted of him or his home.

The government has denied this request for documents. The defense believes these documents are relevant to the Marshals' state of mind when they approached the Lora-Pena home. The defense is entitled to know whether or not the Marshals had knowledge of pit-bulls in the Lora-Pena home. Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), the defendant is entitled to these documents that are in the possession of the government and material to the defense.

WHEREFORE, the Defendant respects this Honorable Court to compel the United States government to produce the items set forth above.

/s/ William J. Rhodunda, Jr.
WILLIAM J. RHODUNDA, JR. (Bar #2774)
Oberly, Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
P.O. Box 2054
Wilmington, DE 19899
Attorney for Defendant

DATED: June 17, 2005