# EXHIBIT A

Case 1:05-cr-00047-JJF   Document 16-2   Filed 06/17/2005   Page 1 of 18

# OBERLY, JENNINGS & RHODUNDA, P.A.
800 Delaware Avenue - Suite 901
P. O. Box 2054
Wilmington, Delaware 19899

Charles M. Oberly, III
Kathleen M. Jennings
William J. Rhodunda, Jr.
-----------
Karen V. Sullivan

(302) 576-2000
Fax (302) 576-2004
E.I.No. 51-0364261
Writer's e-mail wrhodunda@ojlaw.com

~~June~~ 7, 2005

April M. Byrd, Esquire
U.S. Attorney's Office
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

RE: UNITED STATES v. NELSON LORA-PENA
CR. A. No. 05-72-KAJ

Dear April:

Thank you for forwarding the discovery materials with your May 25, 2005 letter. After reviewing the documents, I would respectfully request the following additional items:

1. A copy of all documents related to the underlying charges that resulted in the violation of probation that resulted in Mr. Lora-Pena's recent arrest.

2. Please provide a copy of all records related to the charges pending against Mr. Lora-Pena in the State of Rhode Island related to the arrest warrant obtained by the Johnston Police Department.

3. Please provide a disc or negatives of the photographs provided.

4. Please provide a copy of all training manuals, policies, and/or regulations related to the operation of the Fugitive Task Force.

5. Please provide a copy of all training manuals, policies, and/or regulations related to how Marshals and/or Task Force officers are prepared to handle encounters with pit-bull terriers.

6. Please provide a copy of all training manuals, policies, and/or regulations that relate how situations are handled by Marshals and/or Task Force officers with allegedly resisting suspects and the use of deadly force.

April M. Byrd, Esquire
June 7, 2005
Page Two

7. Please provide a copy of all medical records, reports, or otherwise related to examination and treatment of the injuries sustained by Deputy United States Marshal Leo.

8. Please provide the actual pants, shirt, and any other exterior clothing, of any type, worn by Deputy United States Marshal Leo, Deputy United States Marshal Robert Denney, United States Marshal David Thomas and Deputy United States Marshal William David at the time of Mr. Lora-Pena's arrest.

9. Please provide a copy of any and all photographs, posters, or any other materials produced by the United States Marshal's Office or any other Federal, State, or local agency using a depiction of Mr. Lora-Pena. It is my understanding that my client's photograph is being used as some sort of informational piece that has been produced by the government.

We would also like to make necessary arrangements to obtain all of Nelson Lora-Pena's personal property seized at the time of his arrest.

Enclosed you will find several invoices for services rendered by Christiana Care and X-Ray Associates, P.A. for payment by the Federal Government. Please advise when these bills have been paid.

My client is willing to plead guilty to a misdemeanor offense and time served. Obviously, he would not be released and he would be returned to Rhode Island to face pending charges and ultimate deportation. It appears there is absolutely no benefit to taking this case to trial from the Government's perspective, but if the above offer is unacceptable, we would request that this matter be set for trial as soon as practical so this case can be resolved and Mr. Lora-Pena can then move forward to resolve his other outstanding matters.

Very truly yours,

WILLIAM J. RHODUNDA, JR.

WJR,Jr./jdd

cc:   Mr. Nelson Lora-Pena

# EXHIBIT B

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

June 8, 2005

**VIA TELEFAX & HAND DELIVERY**

OJR

JUN 09 2005

William J. Rhodunda, Jr., Esquire
Oberly Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
Wilmington, DE 19899

Re: **United States v. Nelson Lora-Peña**
    **Criminal Action No. 05-47-KAJ**

Dear Bill:

The following is in response to your letter dated "May 7, 2005," which, because we received it today, I assume was composed yesterday, June 7.

1. Denied. Copies of the warrant and revocation petition were previously produced

2. Denied.

3. Denied. A copy of the photographs was previously produced.

4. Denied.

5. Denied.

6. Denied.

7. To the extent that these exist, and the Government intends to introduce them in its case-in-chief, they will be produced.

8. Denied.

9. Denied.

William J. Rhodunda, Jr., Esquire
Page 2

    As previously advised, contact DUSM William David regarding the return of any personal property that is not being retained for evidentiary purposes.

    Your letter states that invoices are enclosed, however, no documents are in fact enclosed. Further, I have been advised by the USMS that to the extent the defendant has medical insurance, he is responsible for the payment of his medical bills. If the defendant does not have insurance, and you certify this by notarized letter to the USMS, you may have the medical providers forward the invoices to the USMS c/o DUSM David. As our office is not involved in this process, please direct future inquiries to the USMS.

    We have, on several occasions, discussed the only plea available to the defendant, which is a plea to felony assault with no agreement or recommendation by the Government regarding sentencing. The defendant forcibly resisted arrest, assaulted four federal officers, and caused the discharge of a firearm, which endangered all involved. It is merely by fortuity that he is not facing a murder charge. This issue need not be further belabored.

    Your request to schedule trial as soon as practical should be directed to the Court. The Government is prepared to proceed.

                                     Sincerely,

                                     COLM F. CONNOLLY
                                   United States Attorney

BY: _____
                April M. Byrd
                Assistant United States Attorney

# EXHIBIT C

# OBERLY, JENNINGS & RHODUNDA, P.A.
800 Delaware Avenue - Suite 901
P. O. Box 2054
Wilmington, Delaware 19899

Charles M. Oberly, III
Kathleen M. Jennings
William J. Rhodunda, Jr.
-----------
Karen V. Sullivan

(302) 576-2000
Fax (302) 576-2004
E.I.No. 51-0364261
Writer's e-mail wrhodunda@ojlaw.com

June 9, 2005

April M. Byrd, Assistant U.S. Attorney
U.S. Attorney's Office
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

RE: **UNITED STATES v. NELSON LORA-PENA**
**CR. A. No. 05-47-KAJ**

Dear April:

    Thank you for your prompt response to my supplemental discovery request. At this time I am reiterating request for the requested items. In the event you maintain your position that you are not producing the requested items, I intend a file a Motion to Compel. If a further explanation is required regarding the request, I would be happy to submit that information. Otherwise, please simply confirm you will not provide the requested items and I will be happy to file the Motion to Compel.

    You did provide photographs of the alleged injuries sustained by Deputy United States Marshal Jack Leo. Kindly identify where Deputy United States Marshal Jack Leo was treated and we will subpoena the records we requested directly from any health care provider.

    Thank you for your assistance and related to the medical expenses incurred by Mr. Lora-Pena. I will follow your directions and submit a notarized letter to the United States Marshal's office.

Very truly yours,

WILLIAM J. RHODUNDA, JR.

WJR,Jr./jdd
cc:    Mr. Nelson Lora-Pena

# EXHIBIT D



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building  (302) 573-6277
1007 Orange Street, Suite 700  FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

June 10, 2005

OJR

JUN 13 2005

**VIA TELEFAX & HAND DELIVERY**

William J. Rhodunda, Jr., Esquire
Oberly Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
Wilmington, DE 19899

    Re: **United States v. Nelson Lora-Peña**
        **Criminal Action No. 05-47-KAJ**

Dear Bill:

    I write in response to your letter dated June 9, 2005, in which you offer to provide "further" explanation regarding the defendant's supplemental discovery request. You have not, in fact, provided *any* explanation warranting the production of the requested items under the Federal Rules of Evidence or on any other basis. Should you wish to do so, I will consider and determine whether it affects the Government's position. In the absence of any apparent legal basis for your request, I will await your motion to compel, and respond accordingly.

                                Sincerely,

                                  COLM F. CONNOLLY
                                United States Attorney

BY: _____
                                April M. Byrd
                                Assistant United States Attorney

# EXHIBIT E

# OBERLY, JENNINGS & RHODUNDA, P.A.
### 800 Delaware Avenue - Suite 901
### P. O. Box 2054
### Wilmington, Delaware 19899

Charles M. Oberly, III
Kathleen M. Jennings
William J. Rhodunda, Jr.
———
Karen V. Sullivan

(302) 576-2000
Fax (302) 576-2004
E.I.No. 51-0364261
Writer's e-mail wrhodunda@ojlaw.com

June 13, 2005

April M. Byrd, Esquire
U.S. Attorney's Office
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

RE: **UNITED STATES v. NELSON LORA-PENA**
**CR. A. No. 05-47-KAJ**

Dear April:

Thank you for your letter dated June 10, 2005. We have an office conference scheduled with Judge Jordan for Tuesday, June 14, 2005 at 2:30 p.m. so I wanted to take one more opportunity to try and resolve the discovery disputes before indicating to the Court if a Motion to Compel was going to be filed. In that regard, below I have set forth the general reasons why the items were requested in my June 7, 2005 letter. I have set forth the same questions in this letter.

1. A copy of all documents related to the underlying charges that resulted in the violation of probation that resulted in Mr. Lora-Pena's recent arrest.

At Mr. Lora-Pena detention hearing, you made comments regarding the Violation of Probation matter that went beyond the documents provided. To the extent any other documents exist, my client is entitled to receive those documents to determine if there was, in fact, a valid Violation of Probation pending at the time of Mr. Lora-Pena's arrest.

2. Please provide a copy of all records related to the charges pending against Mr. Lora-Pena in the State of Rhode Island related to the arrest warrant obtained by the Johnston Police Department.

At Mr. Lora-Pena's detention hearing, you made some comments that went beyond the information on the records produced related to an alleged arrest warrant pending in the State of Rhode Island. To the extent the government is in possession of any other documents

April M. Byrd, Esquire
June 13, 2005
Page Two

related to the alleged arrest warrant, my client is entitled to have those documents to determine if, in fact, there was a valid arrest warrant for Mr. Lora-Pena on the date of his arrest for Violation of Probation.

    3.    Please provide a disc or negatives of the photographs provided.

My client is considering retaining an expert witness to scrutinize the content of the photographs. The printouts of the photographs that were provided may, or may not, accurately reflect the extent of the scope of the injuries sustained by Mr. Lora-Pena. In addition, the defendant is considering expert testimony related to the purported injuries suffered by Deputy United States Marshal Leo. Based on the photographs of Deputy United States Marshal Leo, it is unclear what injuries the government is contending were sustained during the arrest of Mr. Lora-Pena, the two nicks or the damaged fingernail. We intend to have these photographs examined since, as you are aware, the two nicks apparently constitute the felony for which you so desperately seek to convict Mr. Lora-Pena.

    4.    Please provide a copy of all training manuals, policies, and/or regulations related to the operation of the Fugitive Task Force.

A federal employee has described the actions of the Marshals at the time of Mr. Lora-Pena's arrest as "Keystone Cops." Presumably, the Marshal's office is trained to execute arrest warrants for fugitives. If failure to follow proper training occurs, situations that should have been easily resolved can sometimes become unnecessarily complicated and result in injuries to Marshals and suspects. Accordingly, my client is entitled to these documents

    5.    Please provide a copy of all training manuals, policies, and/or regulations related to how Marshals and/or Task Force officers are prepared to handle encounters with pit-bull terriers.

There is an obvious dispute about the actions of Mr. Lora-Pena's dogs at the time of his arrest. The indictment specifically indicates that Mr. Lora-Pena used a pit-bull terrier as a dangerous weapon. However, it appears that no officers were injured by a pit-bull terrier nor were they in any way adversely affected by the fact that these pit-bull terriers were in the home at the time of Mr. Lora-Pena's arrest. Once again, Mr. Lora-Pena is entitled to obtain the requested information to determine if the Marshals' activities at his home were consistent with the policies and practices related to pit-bulls, or if the Marshals' actions violated protocol and thus created a dangerous situation by their actions. At the preliminary hearing, it was clear that the pit-bulls may have gone outside until the Deputy United States Marshal kicked the door closed so the dogs remained inside with Mr. Lora-Pena. This action created a dangerous situation with the Marshals being outside the home and Mr. Lora-Pena and the pit-bulls being inside the home.

April M. Byrd, Esquire
June 13, 2005
Page Three

      6.    Please provide a copy of all training manuals, policies, and/or regulations that relate how situations are handled by Marshals and/or Task Force officers with allegedly resisting suspects and the use of deadly force.

      The Marshals severely beat Mr. Lora-Pena and it appears, at most, one Marshal may have sustained two nicks on his hand in the process. It appears that the Marshals escalated the situation far beyond necessity which resulted in severe injuries to my client. The Marshal's actions created an unsafe situation and my client is entitled to know if policies and procedures were followed.

      7.    Please provide a copy of all medical records, reports, or otherwise related to examination and treatment of the injuries sustained by Deputy United States Marshal Leo.

      The defendant is entitled to any and all medical records related to the two nicks on Deputy United States Marshal Jack Leo's hand that allegedly occurred during the arrest of Mr. Lora-Pena. As you have decided that this is a felony resisting arrest, we may need to obtain an expert witness to evaluate our records to determine if it was even possible for Mr. Lora-Pena to inflict these injuries. The defendant is entitled to any and all information related to these injuries particularly since the alleged injuries escalate the nature of the charges.

      8.    Please provide the actual pants, shirt, and any other exterior clothing, of any type, worn by Deputy United States Marshal Leo, Deputy United States Marshal Robert Denney, United States Marshal David Thomas and Deputy United States Marshal William David at the time of Mr. Lora-Pena's arrest.

      The government has repeatedly indicated that there was a vicious attack by Mr. Lora-Pena's pit-bulls and that Mr. Lora-Pena allegedly put up a big fight against the Marshals. Accordingly, the defendant is certainly entitled to examine all exterior clothing worn by the identified individuals at the time of Mr. Lora-Pena's arrest. In addition, Mr. Lora-Pena bled profusely following his severe beating. It would be helpful to know which Deputy United States Marshal beat Mr. Lora-Pena so we can determine timing of the assault on Mr. Lora-Pena.

      9.    Please provide a copy of any and all photographs, posters, or any other materials produced by the United States Marshal's Office or any other Federal, State, or local agency using a depiction of Mr. Lora-Pena. It is my understanding that my client's photograph is being used as some sort of informational piece that has been produced by the government.

      It is my understanding that the United States Marshal's office believes that their conduct at the time of Mr. Lora-Pena's arrest was worthy of recognition. It is important to see what type of literature has been published by the United States Marshal's office following Mr.

April M. Byrd, Esquire
June 13, 2005
Page Four


Lora-Pena's arrest to determine the biases and motivations of any member of the United States Marshal's office who will testify at the trial.

    In addition to the above items which were previously requested, the defendant respectfully requests a copy of all documents related to the federal government's efforts to locate Mr. Lora-Pena including any surveillance done of him or his home.

    I look forward to your response to these questions. We can discuss any lingering issues at the office conference.

    Thank you for your attention to this matter.

                                    Very truly yours,

                                    WILLIAM J. RHODUNDA, JR.

WJR,Jr./jdd

cc:    Mr. Nelson Lora-Pena

# EXHIBIT F





**U.S. Department of Justice**

*United States Attorney's Office
District of Delaware*

Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

June 13, 2005

**VIA TELEFAX**

William J. Rhodunda, Jr., Esquire
Oberly Jennings & Rhodunda, P.A.
800 Delaware Avenue, Suite 901
Wilmington, DE 19899

    Re: **United States v. Nelson Lora-Peña**
         **Criminal Action No. 05-47-KAJ**

Dear Bill:

    The following is in response to your telefax of today's date regarding the defendant's supplemental discovery request.

**Items 1 and 2**

    I am unaware of the "comments" to which you refer, and further, do not understand the relevance thereof. In any event, the matter is moot as the Government has already produced all of the materials that are within its possession, including the (1) revocation petition and warrant issued by the United States District Court for the District of Rhode Island, (2) arrest warrant (with supporting affidavit) issued by the State of Rhode Island, and (3) deportation warrant issued by the INS.

**Item 3**

    You correctly note that color copies of the photographs were previously produced. The Federal Rules of Criminal Procedure do not require anything more. However, should you or your expert wish to examine the original disc, it will be made available at the Marshal's office at a mutually convenient time.

**Items 4-6**

    You have cited no legal authority establishing the relevance of these requests, which appear to be in the nature of a fishing expedition, and the Government is aware of none.

William J. Rhodunda, Jr., Esquire
Page 2

### Item 7

The incident report, which describes the nature of the injuries inflicted by the defendant, was previously produced. The Government is unaware of any other responsive documents.

### Item 8

The personal clothing worn by the officers was not retained as evidence.

### Item 9

As stated above, color copies of photographs taken of the defendant were previously produced. I am advised that one of the foregoing photographs was used as part of a poster displayed in the Marshal's office. Should you wish, an opportunity to view the poster at the Marshal's office at a mutually convenient time will be provided.

### Documents Reflecting "Efforts to Locate the Defendant" and Surveillance

Denied, as this request is without any legal basis (evidenced in part by your failure to provide either a factual justification or citation to authority).

I suggest that at tomorrow's status conference, we ask the Court to set deadline for the filing of your motion to compel, as well as a briefing schedule.

Sincerely,

COLM F. CONNOLLY
United States Attorney

BY: _____
April M. Byrd
Assistant United States Attorney