UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Criminal Action No.  05-47-KAJ |
| NELSON LORA-PENA, | )<br>)<br>) | |
| Defendant. | ) | |

**RESPONSE TO MOTION TO COMPEL**

This is a Response to the Defendant's Motion to Compel, filed on June 17, 2005.

The Motion to Compel should be denied.  To the extent it cites any authorization for its requests, it is Federal Rule of Criminal Procedure 16(a)(1)(E), which provides that upon a defendant's request, "the government must permit the defendant to inspect and to copy or photograph [various physical objects or documents], if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense."  The key issue in relation to the Defendant's requests is whether the items requested are "material to preparing the defense."  Not every item that is in the Government's possession is "material to preparing the defense."  *See United States v. Pearson*, 340 F.3d 459, 469 (7th Cir. 2003), *cert. granted and vacated pursuant to Booker*, 125 S.Ct.

1109 (2005).[1]  There the Court held that the Rule[2] means "'the defendant's response to the Government's case in chief,' and does not include materials deemed by defendants to be necessary to prove their own defense theory or challenge the prosecutor's conduct of the case."  *Id*. at 469.  The *Pearson* court upheld the district court's denial of a defense motion to compel production of 3800 batteries for testing and analysis, holding that the district court did not abuse its discretion in denying the defendant's request.

In terms of the Defendant Lora-Pena's requests, the Government believes that half of them are moot, and the ones that are not, should be denied by the Court, principally because the items requested have no relevance (and therefore cannot be material) to the suggested defense of the case, which seems to be that the Defendant did not assault the Marshals, but that if he did, he was acting in self-defense.

Addressing the items with the same numbering that the Defendant has used in his Motion to Compel, the Government makes the following responses.

1 & 2.  These requests seek documents relating to the Defendant's arrest warrants.  The Defendant is not contesting whether there were arrest warrants for him.  Issues relating to the

---

[1] *See also United States v. Garcia*, 2001 WL 173784, *2 & n.8 (D.Del. 2001) (discussing materiality requirement).

[2] The Court was actually addressing the predecessor to the current rule.  According to the Advisory Committee notes to the 2002 Rules Amendments, the relevant changes were for stylistic purposes only.

factual bases for the arrest warrants are irrelevant to the upcoming trial.[3] The "state of mind" of the Marshals executing the warrants is also irrelevant. The issue at trial is going to be, did the Defendant assault the Marshals while they were executing the arrest warrants. Further, the AUSA handling the case has represented that all the documents in our possession have been produced, so these requests would appear to be moot.

    3. This request seeks a "dis[k] or negative" of the photographs provided. The Government has already provided copies, but in order to moot the issue, will copy a CD-ROM of the pictures (the originals were digital) and provide them to the Defendant.

    4, 5, & 6. These requests rather broadly seeks "all training manuals, policies, and/or regulations" relating to the seeking of fugitives and handling problems that may arise in relation to the arrest of fugitives. The Government notes the breadth of the request, because it would not be a simple matter to moot this. There are responsive documents in Delaware and in Washington, D.C., and probably elsewhere. The documents are not part of the Marshal's case file or otherwise in the possession of the U.S. Attorney's Office. Further, based on a cursory review, it is the Government's expectation that most of the documents are not

---

[3] The Defendant quotes the AUSA making various statements at the bail hearing, and says that he doesn't have any documents supporting those statements. The fact that he doesn't have any such documents doesn't mean that there are such documents, and, in any event, the fact that the allegations were made at a bail hearing is irrelevant to whether documents have to be produced in relation to the trial.

generally publicly available, and that the U.S. Marshal's Service would prefer not to disseminate the documents. In short, it would be quite burdensome to comply with this request, as well as implicating a legitimate interest of the Marshal's Service not to disseminate their procedures and policies relating to the dangerous job of arresting fugitives. Were the documents clearly material to the preparation of a defense, these interests might have to give way. The Government respectfully submits, however, that the defense desire to show that the arrest was "completely mishandled" by the Marshals is irrelevant. Whether the Defendant would have done something different had the Marshals done something different is irrelevant. The Defendant states that these requests will support his defense of "self-defense." He does not say how. Let's say the Marshals deviated from the training manuals or the policies. Let's say the manuals say, never arrest a fugitive who is in a house with pit bulls. Let's say the Marshals knew this, but decided to arrest the Defendant anyhow. How would that support a defense of self-defense? The Defendant has not answered that question, or any similar question, and therefore the Government submits that the requested documents are not "material to preparing the defense."

    7. This request is conceded by the Defendant to be moot.

    8. The Defendant requests the exterior clothing worn by the Marshals during the arrest. There is no allegation by the Government that the pit bulls damaged the clothing, and therefore

the Defendant has no need of the clothing in order to look for pit bull damage.  The clothing has not been preserved for evidence, and, to the extent it could now be identified, nearly three months after the event, it is not going to be helpful to the defense.  It is believed (based on a conversation with the Supervisory Deputy U.S. Marshal) that there was no blood on any of the clothing.  If there had been, it would likely have been cleaned by now. Thus, turning over the clothing is not going to be material to preparing a defense. *See United States v. Pearson*, 340 F.3d 459, 469 (7th Cir. 2003) (upholding denial of turning over 3800 batteries for testing),*cert. granted and vacated pursuant to Booker*, 125 S.Ct. 1109 (2005).

9. The Defendant requests a copy of the poster which has a picture of the Defendant in it.  The poster is hanging in the U.S. Marshal's Office.  The Government in its June 13 letter offered to let the Defendant view the poster.  The Defendant has not taken up the Government's offer.  The Defendant can take a picture of the poster.  The Government has previously provided a copy of the Defendant's picture used in the poster.  Nothing more is required, as the rule merely requires that the Government give the Defendant an opportunity to inspect and photograph an object.  Thus, since the Government has offered to let the Defendant do what the Rule provides, this request is moot.

10.   There is a request for all documents relating to any effort to locate the Defendant.[4]  This request is again based on the Defendant's assertion that the Marshals' "state of mind" is a relevant issue in the trial.  Why this should be so is not obvious.  The requested documents are therefore not shown to be material to preparing the defense, and this request should be denied.

WHEREFORE, the United States respectfully requests that the Court deny the Motion to Compel in its entirety, ruling that requests #1,2,3,7, and 9 are moot, and that requests 4,5,6,8, and 10 do not request documents that are "material to preparing the defense."

                    COLM F. CONNOLLY
                    United States Attorney


          By:  /s/ Richard G. Andrews
              Richard G. Andrews
         First Assistant United States Attorney

---

[4] If by documents, the Defendant means written reports relating to efforts in Delaware, it is possible that all reports have already been produced.  The Government expects to discuss the matter with the "case agent," who will not be back in the office until July 6, 2005.  If the Government learns further information, it will so advise defense counsel and the Court.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>NELSON LORA-PENA,  )<br>)<br>Defendant.  ) | Criminal Action No. 05-47-KAJ |

**CERTIFICATE OF SERVICE**

    I, Richard G. Andrews, hereby certify on the 1st day of July, 2005, that I served a true and correct copy of the foregoing Response to Motion to Compel via electronic filing on counsel for the defense, William J. Rhodunda, Jr., 800 Delaware Avenue, Suite 901, Wilmington, Delaware 19899-2054.

                                           /s/ Richard G. Andrews
                                           Richard G. Andrews
                                           First Assistant U.S. Attorney