IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Cr. A. No: 05-47-KAJ |
| NELSON LORA-PENA, | |
| Defendant. | |

**REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO COMPEL**

This is the Defendant's Reply to the Government's Response to Defendant's Motion to Compel filed on July 1, 2005 (D.I. 17) (the "Government's Response").

Based upon the Government's Response, the Defendant respectfully modifies his Motion to Compel to take into account the information provided therein. However, to the extent discoverable materials are not being provided, Defendant respectfully requests this Honorable Court to grant those aspects of his Motion to Compel.

Under Federal Rule of Criminal Procedure 16 (a)(1)(C), a defendant is entitled to examine documents material to his defense. In *United States v. Armstrong*, 517 U.S. 456, 463 (1996), the Supreme Court clarified the meaning of the phrase, "material to the preparation of the defendant's defense." The Supreme Court opined that the phrase authorized defendants to examine Government documents material to the preparation against the "Government's case in chief…" *Id*. 463. By way of further explanation, in *United States v. Lloyd*, 992 F. 2d 348, 351 (D.C. Cir. 1993), the Court indicated that evidence is material under Rule 16 "as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding in witness preparation, corroborating testimony or assisting impeachment or rebuttal." *Id*. at 351.

In the Government's Response, each item identified in Defendant's Motion to Compel was addressed. Below is Defendant's Reply to the Government's position on those matters.

<u>Items 1 & 2</u>.    These matters are moot. The Government has represented that all documents in its possession have been produced. Based on the Government's representation and its obligation to provide any additional documents that become available, under Rule 16, the Defendant withdraws his claims with regard to these items.

<u>Item 3</u>.    This matter is moot. In response to the Defendant's Motion to Compel, the Government did provide a CD-ROM of the requested pictures.

<u>Items 4, 5 & 6</u>.    The Defendant contends that all training manuals, policies and/or regulations relating to the three categories set forth in Defendant's Motion to Compel are material to the preparation of the Defendant's defense as set forth below:

(4)    Please provide a copy of all training manuals, policies, and/or regulations related to the operation of the Fugitive Task Force.

(5)    Please provide a copy of all training manuals, policies, and/or regulations related to how Marshals and/or Task Force officers are prepared to handle encounters with pit-bull terriers.

(6)    Please provide a copy of all training manuals, policies, and/or regulations that relate how situations are handled by Marshals and/or Task Force officers with allegedly resisting suspects and the use of deadly force.

As set forth in Defendant's Motion to Compel, it is Defendant's position that this operation was mishandled by the Task Force which resulted in the creation of a dangerous situation for Defendant and the Marshals.

At the preliminary hearing, the United States Marshal testified that when he approached the door the two Pit-bulls were jumping up against the door as the door was approached by the Defendant. When the Defendant attempted to open the door, the United States Marshal kicked the door shut. There was no testimony that the Defendant instructed the Pit-bulls to be aggressive towards the Marshals or that he in anyway provoked any aggressive behavior by the Pit-bulls. However, when the Marshals entered the residence to arrest the Defendant on the Violation of Probation warrant, the Defendant was arrested for two counts of felony Resisting Arrest for allegedly using the Pit-bulls as dangerous instruments. Presumably, the United States Marshals and task force members have training related to how to handle situations involving Pit-bulls. It is the Defendant's contention that the United States Marshal created a dangerous situation by kicking the door shut when the Defendant and/or the Pit-bulls could have exited the residence without further delay.

Once in the residence, the Marshals inflicted serious physical injury upon Defendant and discharged a firearm. It is Defendant's position that the participating Marshals and task force members used excessive force and that there was no justification for discharging a firearm. Despite felony charges for using a Pit-bull as a dangerous instrument and an additional felony count related to allegedly inflicting a very minor injury on a United States Marshal, Defendant sustained serious physical injuries to his body, face and head. At the preliminary hearing the Assistant United States Marshal could not identify the time frame related to when Defendant received his serious physical injuries and when an Assistant United States Marshal allegedly obtained two very small scratches on his hand. Certainly, if Defendant was being severely beaten it would not be unreasonable for him to try to protect himself. The training manuals that have been requested by Defendant are relevant to the cross-examination of all

Marshals and task force members who were present in Defendant's home at the time of his arrest and who will testify at trial.

Presumably, the requested training manuals, policies and regulations are readily available since the areas of the documents requested involve basic law enforcement issues.

Item 7. This matter is moot. The Government has previously indicated that there are no medical records or reports related to the examination and treatment of the injuries sustained by the Deputy United States Marshal who allegedly was injured at the time of Defendant's arrest.

Item 8. This matter is moot. The Government has indicated in its response that the clothing worn by the United States Marshals at the time of Defendant's arrest have not been maintained. However, the Government has confirmed that there was no blood on the clothing and further that the clothing was not damaged by the Pit-bulls.

Item 9. Counsel for Defendant has viewed the poster which is hanging in the United States Marshals Office in public view. However, Defendant would request a copy of the poster for use at trial. The use of Defendant's picture on the poster, touting the success of the operation, goes to the bias of the Marshals involved in Defendant's arrest.

Item 10. Defendant requested all documents related to the Government's efforts to locate Defendant including any surveillance conducted of him or his residence. Counsel for the Government has located a relevant document and is forwarding same to Counsel for Defendant. To the extent any reports do exist, Defendant contends that they are relevant to the Marshals' state of mind. The Marshals' state of mind is relevant because what the Marshals

knew prior to approaching the home was relevant to their strategy in approaching the home and the preparation for the use of force related to the situation involving Pit-bulls in the home.

WHEREFORE, the Defendant respects this Honorable Court to compel the United States government to produce the items set forth above.

/s/ William J. Rhodunda, Jr.  
WILLIAM J. RHODUNDA, JR. (No. 2774)  
Oberly, Jennings & Rhodunda, P.A.  
800 Delaware Avenue, Suite 901  
P.O. Box 2054  
Wilmington, DE  19899  
(302) 576-2000  
Attorney for Defendant

Dated: July 8, 2005