IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,      )
                                 )
           Plaintiff,          )
                                 )
        v.                 )     Criminal Action No.  05-47-KAJ
                                 )
NELSON LORA-PENA,          )
                                 )
           Defendant.      )

## **REQUEST FOR JURY INSTRUCTIONS**

COLM F. CONNOLLY
United States Attorney

By:   RICHARD G. ANDREWS
      Assistant United States Attorney
      Nemours Building, #700
      1007 Orange Street
      Wilmington, Delaware  19801
      (302) 573-6277

Dated:   August 22, 2005

# TABLE OF CONTENTS

Page

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURORS' DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRESUMPTION OF INNOCENCE BURDEN OF PROOF
REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

EVIDENCE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

NATURE OF THE CHARGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

SEPARATE CONSIDERATION -- SINGLE DEFENDANT
CHARGED WITH MULTIPLE CHARGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ON OR ABOUT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

FORCIBLE ASSAULT UPON A FEDERAL OFFICER
18 U.S.C. § 111(a) and (b)  ESSENTIAL  ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . 12

FORCIBLE ASSAULT UPON A FEDERAL OFFICER
18 U.S.C. § 111(a) and (b)  ESSENTIAL  ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . 13

FORCIBLE ASSAULT UPON A FEDERAL OFFICER
18 U.S.C. § 111(a) and (b)  ESSENTIAL  ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . 14

FIRST ELEMENT - VICTIM WAS A FEDERAL OFFICER . . . . . . . . . . . . . . . . . . . . 15

SECOND ELEMENT - FORCIBLE CONDUCT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

SECOND ELEMENT - "ASSAULT," "RESIST," "INTERFERE," DEFINED . . . . . . . . . . . . 17

i

**Page**

ENGAGED IN THE PERFORMANCE OF OFFICIAL DUTIES ......................... 18

FOURTH ELEMENT - INTENTIONALLY ........................................ 19

FIFTH ELEMENT - COUNT ONE
"BODILY INJURY"    ................................................... 20

FIFTH ELEMENT - COUNTS 2 and 3 -
DANGEROUS WEAPON........................................................ 21

LAWFUL SELF-DEFENSE ................................................... 22

LESSER INCLUDED OFFENSE -
ELEMENTS AND FORM OF VERDICT ......................................... 23

CONSIDERATION OF EVIDENCE ............................................. 24
INTRODUCTION .......................................................... 24

INSTRUCTION FOR NON-TESTIFYING DEFENDANT ............................. 25

DEFENDANT AS A WITNESS ............................................... 26

DELIBERATIONS AND VERDICT ............................................ 27
INTRODUCTION .......................................................... 27

UNANIMOUS VERDICT .................................................... 28

DUTY TO DELIBERATE ................................................... 29

PUNISHMENT ........................................................... 30

VERDICT FORM ......................................................... 31

COURT HAS NO OPINION ................................................. 32

# **GENERAL**

## **INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendants are accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## **NOTES**

Pattern Criminal Jury Instructions, 6th Circuit, § 1.01 (2005).

1

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## NOTES

Pattern Criminal Jury Instructions, 6th Circuit, § 1.02 (2005).

2

## PRESUMPTION OF INNOCENCE
## BURDEN OF PROOF
## REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crimes charged against him in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the

3

Government has proved a defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.

If you are not convinced, say so by returning a not guilty verdict.

## NOTES

Pattern Criminal Jury Instructions, 6th Circuit, §1.03 (2005).

4

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

In addition, the Indictment is not evidence. It is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not consider the Indictment as any evidence of the guilt of a defendant, or draw any inference of guilt from it.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.


## NOTES

Pattern Criminal Jury Instructions, 6th Circuit, §1.04 (2005).

## **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## **NOTES**

Pattern Criminal Jury Instructions, 6th Circuit, §1.05 (2005).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## NOTES

Pattern Criminal Jury Instructions, 6th Circuit, §1.06 (2005).

7

## CREDIBILITY OF WITNESSES

You have seen the witnesses and have heard them testify. It is your duty to reconcile all the testimony of all the witnesses, both on direct and on cross-examination, with all of the facts, if you are able to do so. If, after weighing the matter carefully, and viewing it in light of your best judgment as reasonable men and women, you find you are unable to reconcile a conflict in the testimony, then it is for you to say who has been mistaken, who has told the truth, who has testified falsely, and whom you will believe. In other words, it is for you to determine whether the Government has proved beyond a reasonable doubt whether the defendant committed the offenses charged in the Indictment, and, in making that determination, it is for you to decide which testimony is most worthy of belief, and you may disregard any testimony which cannot be reasonably and fairly reconciled with testimony you believe.

## NATURE OF THE CHARGES

### INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the Government has proved the particular crimes charged.

## NOTES

Pattern Criminal Jury Instructions, 6th Circuit, §2.01 (2005).

9

## SEPARATE CONSIDERATION--
## SINGLE DEFENDANT
## CHARGED WITH MULTIPLE CHARGES

The defendant has been charged in four counts. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## NOTES

Pattern Criminal Jury Instructions, 6th Circuit, §2.01A (2005).

10

## ON OR ABOUT

Next, I want to say a word about the date mentioned in the Indictment. The Indictment charges that the crime happened "on or about" April 9, 2005. The Government does not have to prove that the crime happened on that exact date. But the Government must prove that the crime happened reasonably close to that date.

## NOTES

Pattern Criminal Jury Instructions, 6th Circuit, §2.04 (2005).

11

## FORCIBLE ASSAULT UPON A FEDERAL OFFICER
## 18 U.S.C. § 111(a) and (b)
## ESSENTIAL ELEMENTS

Count I of the Indictment charges that on or about April 9, 2005, in the District of Delaware, the defendant, Nelson Lora-Pena, forcibly assaulted Deputy United States Marshal Jack Leo, while Deputy Leo was engaged in the performance of official duties with the United States Marshals Service, and inflicted bodily injury to Deputy Leo.

For you to find the defendant guilty of this crime, you must find the Government has proved each of the following five elements beyond a reasonable doubt:

**First:**    That on or about April 9, 2005, Jack Leo was a federal officer as I will define that term for you;

**Second:**    That at the time, the defendant forcibly assaulted Jack Leo;

**Third:**    That at the time of the assault, Jack Leo was engaged in the performance of his official duties;

**Fourth:**    That the defendant acted intentionally; and

**Fifth:**    That the defendant inflicted bodily injury to Jack Leo.

1 L. Sand, et al., Modern Federal Jury Instructions, at 14-3 (1999).

## FORCIBLE ASSAULT UPON A FEDERAL OFFICER
## 18 U.S.C. § 111(a) and (b)
### ESSENTIAL ELEMENTS

Counts II and III of the Indictment charge that on or about April 9, 2005, in the District of Delaware, the defendant, Nelson Lora-Pena, used a dangerous weapon to forcibly assault, resist, or interfere with Deputy United States Marshal Robert Denney in Count II, and Deputy United States Marshal William David in Count III, while the Deputies were was engaged in the performance of official duties with the United States Marshals Service.

For you to find the defendant guilty of these crimes, you must find the Government has proved each of the following five elements beyond a reasonable doubt:

**First:**   That on or about April 9, 2005, Robert Denney and William David were federal officers as I will define that term for you;

**Second:**   That at the time, the defendant forcibly assaulted, resisted, or interfered with Robert Denney or William David;

**Third:**   That at the time of the assault, Robert Denney and William David were engaged in the performance of their official duties;

**Fourth:**   That the defendant acted intentionally; and

**Fifth:**   That the defendant used a dangerous weapon to commit such acts.

1 L. Sand, et al., Modern Federal Jury Instructions, at 14-3 (1999).

13

## FORCIBLE ASSAULT UPON A FEDERAL OFFICER
## 18 U.S.C. § 111(a) and (b)
## ESSENTIAL ELEMENTS

Count IV of the Indictment charges that on or about April 9, 2005, in the District of Delaware, the defendant, Nelson Lora-Pena, forcibly assaulted, resisted, or interfered with United States Marshal David Thomas, while Marshal Thomas was engaged in the performance of official duties with the United States Marshals Service.

For you to find the defendant guilty of this crime, you must find the Government has proved each of the following four elements beyond a reasonable doubt:

**First:** That on or about April 9, 2005, David Thomas was a federal officer as I will define that term for you;

**Second:** That at the time, the defendant forcibly assaulted, resisted, or interfered with David Thomas;

**Third:** That at the time of the crime, David Thomas was engaged in the performance of his official duties; and

**Fourth:** That the defendant acted intentionally.

1 L. Sand, et al., Modern Federal Jury Instructions, at 14-3 (1999).

14

## FIRST ELEMENT - VICTIM WAS A FEDERAL OFFICER

The first element that the Government must prove beyond a reasonable doubt is that on or about April 9, 2005, the person named as the victim of the crime was a federal officer. I instruct you that a "federal officer" includes an United States Marshal or a Deputy United States Marshal. However, it is up to you to determine whether the person named as the victim held that title at the time in question.

The Government does not have to prove that the defendant knew that the person named as the victim was a federal officer. The crime of assault on a federal officer is designed to protect federal officers acting in pursuit of their official functions, and therefore, it is sufficient to satisfy this element for the Government to prove that the person named as a victim was a federal officer at the time of the alleged assault. Whether the defendant knew that the victim was a federal officer at the time is irrelevant to such a determination, and should not be considered by you.

1 L. Sand, et al., Modern Federal Jury Instructions, at 14-5 (1999).

## SECOND ELEMENT - FORCIBLE CONDUCT

The second element that the Government must prove beyond a reasonable doubt is that the defendant "forcibly" assaulted, resisted, or interfered with the federal officer. I will define these acts for you. These acts -- assault, resist, or interfere -- are modified by the word "forcibly." Thus, before you can find the defendant guilty, you must find, beyond a reasonable doubt, that he acted forcibly. "Forcibly" means by use of force. The use of force may be actual or threatened. If the defendant threatened the federal officer in a way that would inspire fear of pain or bodily harm, then he would have acted "forcibly."

1 L. Sand, et al., Modern Federal Jury Instructions, at 14-8 (1999); United States v. Walker, 835 F.2d 983, 987 (2d. Cir. 1987).

## **SECOND ELEMENT - "ASSAULT," "RESIST," "INTERFERE," DEFINED**

To "assault" is to threaten to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm. To "resist" means to obstruct or to oppose. To "interfere" with means to obstruct or hinder.

United States v. Dupree, 544 F.2d 1051 (9th Cir. 1976); Black's Law Dictionary, Eighth Ed., pp. 831, 1336 (2004).

17

## THIRD ELEMENT
## ENGAGED IN THE PERFORMANCE OF OFFICIAL DUTIES

The third element the Government must prove beyond a reasonable doubt is that at the time of the alleged assault, the federal officer was engaged in the performance of his official duties. You may find that federal officer was so engaged, if you find that at the time of the alleged assault, he was acting within the scope of what he was employed to do. On the other hand, if you find that federal officer was involved in a personal venture of his own, you must find that he was not engaged in the performance of his official duties, and you must acquit the defendant of the crime charged.

1 L. Sand, et al. Modern Federal Jury Instructions, at 14-15 (1999).

18

## **FOURTH ELEMENT - INTENTIONALLY**

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant committed the acts charged intentionally. In other words, you must be persuaded that the defendant acted voluntarily and intentionally, and not by mistake or accident.

1 L. Sand, et al., Modern Federal Jury Instructions, at 14-18 (1999).

19

## FIFTH ELEMENT - COUNT ONE
## "BODILY INJURY"

To inflict "bodily injury" means any injury, including a cut, an abrasion, or a bruise; any physical pain, or any other injury to the body, no matter how temporary.

18 U.S.C. § 1365(h)(4); See Eighth Circuit Model Criminal Jury Instructions, § 6.18.111, Note on Use #5.

## FIFTH ELEMENT - COUNTS 2 and 3 -
## DANGEROUS WEAPON

The last element the Government must prove beyond a reasonable doubt, as to Counts 2 and 3, is that the defendant used a dangerous weapon to assault, resist, or interfere with the federal officer. The term "dangerous weapon" means any thing capable of inflicting serious bodily injury or causing the death of a person.

Both the physical capabilities of the thing used and the manner in which it is used may be considered in determining whether the thing is a dangerous weapon.

2 O'Malley, et al., Federal Jury Practice and Instructions, 5th ed., § 23.07; United States v. Gometz, 879 F.2d 256, 259 (7th Cir. 1989); United States v. Arrington, 309 F.3d 40, 45 (D.C. Cir. 2002); United States v. Murphy, 35 F.3d 143, 147 (4th Cir. 1994) (citing cases involving a desk, a garden rake, shoes, and a urine bottle).

21

## <u>LAWFUL SELF-DEFENSE</u>

In regard to the crime of forcible assault upon a federal officer as alleged in Counts I - IV of the Indictment, the defendant asserts that he was acting in self-defense.

If the defendant did not know the official status of the person assaulted and if the defendant honestly believed that he was being attacked, the defendant would be allowed to use reasonable force to defend himself. The defendant, however, may not use more force than is necessary to defend himself.

The Government may answer this defense and sustain its burden of proof for the crime of forcible assault on a federal officer, if, in addition to proving the essential elements of the offense charged as previously given to you, the Government also proves, beyond a reasonable doubt, one of the following two propositions:

One, at the time of the conduct charged in Counts 1 - 4 of the Indictment, the defendant actually knew that the individual identified in the Indictment as a federal officer was a law enforcement officer, or

Two, the force used by the defendant was excessive and would not have been justified even if the person identified in the Indictment as a federal officer was a private citizen and not a federal officer.

The Government must prove beyond a reasonable doubt that the defendant did not act in lawful self-defense.

2 O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, 5th ed., § 24.12.

## LESSER INCLUDED OFFENSE -
## ELEMENTS AND FORM OF VERDICT

The law permits the jury to determine whether the Government has proven the guilt of the defendant for any other offense which is, by its very nature, necessarily included in the crime that is charged in Counts 1 - 3 of the Indictment.

If the jury should unanimously find that the Government has proven each of the essential elements of the offenses that is charged in Counts 1 - 3 of the Indictment beyond a reasonable doubt, the foreperson should write "guilty" in the space provided and the jury's consideration of that count is concluded.

If the jury should determine unanimously that the Government has not proven each element of the offense that is charged in Counts 1 - 3 of the Indictment beyond a reasonable doubt, then the foreperson should write "not guilty" in the space provided and the jury should then consider the guilt or innocence of the defendant for the other offense necessarily included in the offense charged in Counts 1 -3 of the Indictment.

The crimes charged in Counts 1 - 3 of the Indictment in this case necessarily include another offense, which has the same elements of proof as Counts 1 - 3 except for the fifth element, either that the defendant inflicted bodily injury or used a dangerous weapon. Thus, if you are convinced beyond a reasonable doubt that the Government has proven the first four elements of Counts 1 - 3 of the Indictment, but not the fifth element, you should return a verdict of guilty on the lesser included offense.

The jury will bear in mind that the burden is always upon the Government to prove, beyond a reasonable doubt, each and every essential element of any other offense which is necessarily included in any crime charged in Counts 1 - 3 of the Indictment. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

2 O'Malley, et al., Federal Jury Practice and Instructions, 5th ed., § 20.05.

23

## **CONSIDERATION OF EVIDENCE**

### **INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crimes charged [and the defendant's position]. Next I will explain some rules that you must use in considering some of the testimony and evidence.

Pattern Criminal Jury Instructions, 6th Circuit, § 7.01 (2005).

24

## INSTRUCTION FOR NON-TESTIFYING DEFENDANT

Since the defendant is presumed to be innocent and since the burden of proof remains on the Government throughout the trial, the defendant has the absolute right not to testify.

You must not hold the defendant's exercise of his right to remain silent against him. Furthermore, it would be improper and unfair for you to try to discuss or to speculate as to why he has not testified.

More importantly, you must not infer any guilt whatsoever from his decision not to testify. He is entitled to put the Government to its proof.

## **DEFENDANT AS A WITNESS**

The defendant's testimony should be considered by you just as any other witnesses in the case and in evaluating his credibility you should use the same guidelines which you apply to the testimony of other witnesses. In no event should you give either greater or lesser credence to the testimony of the defendant merely because he is the accused.

## **DELIBERATIONS AND VERDICT**

### **INTRODUCTION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.01 (2005).

## **UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of each of the defendants with respect to each count of the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, _____, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to each charge of the Indictment.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.03 (2005).

## **DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak you minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.04 (2005).

## **PUNISHMENT**

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.05 (2005).

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decided that the Government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.06 (2005).

31

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.09 (2005).

32

COLM F. CONNOLLY
United States Attorney

By: _Richard G. Andrews_

Richard G. Andrews
First Assistant United States Attorney

Dated:   August 22, 2005

33

## CERTIFICATE OF SERVICE

UNITED STATES OF AMERICA       )
                                        )
           v.                            )       Criminal Action No.  05-47-KAJ
                                          )
NELSON LORA-PENA,                )

I, Sharon L. Bernardo, employee with the United States Attorney's Office, hereby certify that on

August 22, 2005, I electronically filed the foregoing:

## REQUEST FOR JURY INSTRUCTIONS

with the Clerk of the Court using the CM/ECF which will send notification of such filing to:

> William J. Rhodunda, Jr., Esquire
> Oberly, Jennings & Rhodunda, PA
> 800 Delaware Avenue, #901
> P.O. Box  2054
> Wilmington, Delaware 19899
> wrhodunda@ojlaw.com

                                        /s/  Sharon L. Bernardo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,    )
                              )
            Plaintiff,        )
                              )
    v.                        )    Criminal Action No. 05-47-KAJ
                              )
NELSON LORA-PENA,             )
                              )
            Defendant.        )

## VERDICT FORM

As to Count 1, charging the Defendant Nelson Lora-Pena with assault on Jack Leo, we the jury find the Defendant

_____ Guilty                    _____ Not Guilty.

If the jury finds the Defendant not guilty as to Count 1, with respect to the lesser included offense, we the jury find the Defendant Nelson Lora-Pena

_____ Guilty                    _____ Not Guilty.

As to Count 2, charging the Defendant Nelson Lora-Pena with assault on Robert Denney, we the jury find the Defendant

_____ Guilty                    _____ Not Guilty.

If the jury finds the Defendant not guilty as to Count 2, with respect to the lesser included offense, we the jury find the Defendant Nelson Lora-Pena

_____ Guilty                    _____ Not Guilty.

As to Count 3, charging the Defendant Nelson Lora-Pena with assault on William David, we the jury find the Defendant

_____ Guilty                    _____ Not Guilty.

If the jury finds the Defendant not guilty as to Count 3, with respect to the lesser included offense, we the jury find the Defendant Nelson Lora-Pena

_____ Guilty                    _____ Not Guilty.

As to Count 4, charging the Defendant Nelson Lora-Pena with assault on David Thomas, we the jury find the Defendant

_____ Guilty                    _____ Not Guilty.


_____          _____
Jury Foreperson                          Juror


_____          _____
Juror                                    Juror


_____          _____
Juror                                    Juror


_____          _____
Juror                                    Juror


_____          _____
Juror                                    Juror


_____          _____
Juror                                    Juror

Dated: