# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

CR 05-47

| | | |
|---|---|---|
| **United States District Court** FOR THE | District OF DELAWARE | |
| Name: NELSON LORA-PENA | | Docket or Case No.: N/A |
| Place of Confinement: USP CANAAN | | Prisoner No.: 03883-070 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) | FILED |
| vs. NELSON LORA-PENA | | |
| **MOTION** | | DEC - 5 2007<br>U.S. DISTRICT COURT<br>DISTRICT OF DELAWARE |

1. (a) Name and location of court that entered the judgment of conviction you are challenging: 848 #seconnd
   UNITED STATES DISTRICT COURT FOR THE DISTRICT DELAWARE,
   NORTHER KING STREET, WILMINGTON, DELAWARE 19801

   (b) Criminal docket or case number (if you know): 05-47

2. (a) Date of the judgment of conviction (if you know): JANUARY 3, 2006

   (b) Date of sentencing: DECEMBER 20, 2005.

3. Length of sentence: 99 Months imposed.

4. Nature of crime (all counts): FORCIBLE ASSAULT ON A DEPUTY OF THE UNITED
   STATES MARSHALL AND RESISTING, INTERFERRING WITH AND IMPEDING
   A DEPUTY OF THE UNITED STATES; IN VIOLATION OF TITLE 18 U.S.C.
   SECTION 111(a)(1) and (b).

5. (a) What was your plea? (Check one)
   (1) Not guilty ☑    (2) Guilty ❑    (3) Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment,
   what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ❑

7. Did you testify at either a pretrial hearing, trial or post-trial hearing?    Yes ❑    No ❑

8. Did you appeal from the judgment of conviction?    Yes ❑    No ❑

9.  If you did appeal, answer the following:

    (a) Name of court: THIRD CIRCUIT COURT OF APPEALS

    (b) Docket or case number (if you know): 06-1077

    (c) Result: AFFIRMED ON DIRECT APPEAL.

    (d) Date of result (if you know): (2007)

    (e) Citation to the case (if you know): N/A

    (f) Grounds raised: WHETHER THE PROSECUTOR'S ARUMENT THAT TO ACQUIT THE

DEFENDANT, THE JURY WOULD HAVE TO FIND THAT THE GOVERNMENT

WITNESSES WERE "LIARS" AND CRIMINALS IS PLAIN ERROR. WHETHER

THE TOTALITY OF MULTIPLE ERRORS IN ADDITION TO THE PROSECUTOR'S

"LIARS" AND "CRIMINALS" STATEMENTS IS PLAIN.

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ❑ No ☑

    If "Yes," answer the following:

      (1) Docket or case number (if you know): N/A

      (2) Result: _____

      (3) Date of result (if you know): _____

      (4) Citation to the case (if you know): _____

      (5) Grounds raised: _____

      N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications

    concerning this judgment of conviction in any court?

    Yes ❑ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised: _____

_____

_____

_____

_____

_____ N/A _____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, application?

         Yes ❏ No ❏   N/A

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____ N/A _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

         Yes ❏ No ❏    N/A

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction the action taken on your motion, petition, or application?

(1) First petition:    Yes ❏ No ❏   N/A

(2) Second petition:   Yes ❏ No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

                     N/A

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** I WAS DENIED MY SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE COUNSELING .

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): MR. LORA-PENA'S COUNSEL FIALED TO OBJECT AND RAISE A VIABLE GROUND THAT THE COURT IMPOSED AN ILLEGAL SENTENCE IN VIOATION OF THE SENTENCING GUIDELINES § 2A2.2(2). THE COURT ERRONEOUSLY, IN ADOPTATION OF THE PSR RECCOMENDATION, A FIVE LEVELS WAS WARRANT BECAUSE A FIREARM DISCHARGED BY THE UNITED STATES MARHALL WHILE THEY PURSUITED TO ARREST MR. LORA-PENA. HOWEVER, THE POLICY STATEMENT TO THIS TAKES INTO CONSIDERATION WHERE THE "FIREARM" WAS SPECIFICALLY DISCHARGED BY A DEFENDANT. MR. LORA-PENA WAS NOT THE OWNER OF THE AND DID NOT HAD POSSESSION OF THAT FIREARM AND THUS THE DISCHARGEMENT OF FIREARM WAS NOT DUE TO HIS ACTION. IT WAS TOTALLY AN ACCIDENTAL DISCHARGEMENT ON THE EXCLUSIVE PART OF THE U.S. MARSHALL.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: APPELLATE COUNSEL DEEMED THIS ISSUE "WHOLLY" FRIVOLOUS AND NOT SUITED TO APPELLATE. HOW-EVER, RAISING THIS ISSUE PROSPECTIVELY ON "INEFFECTIVE" GROUNDS DOES NOT PROHIBIT MR. LORA-PENA FROM RAISING IT NOW.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ N/A _____

Name and location of the court where the motion or petition was filed: ___ N/A _____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): ___ N./A _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A


(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐   N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐   N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND THREE:** I WAS DENIED MY SIXTH AMENDMENT RIGHT TO EFFECTIVE AND ADEQUATE ASSISTANCE OF COUNESLING

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): MR. LORA-PENA'S COUNSEL FIALED TO OBJECT AND HAVE THE DISTRICT COURT AWARE

MR. LORA-PENA WAS CHARGED WITH A SINGLE FORECIBLE ASSUALT ON A
DEPUTY U.S. MARHALL PURSUANT TO 18 USC §111(a) AND (b). HOWEVER,
HE PROCEEDED TO TRIAL AND THE JURY FOUND HIM GUILTY AS CHARGED.
AT SENTENCING, THE DISTRICT COURT RLIED ON THE PSR THAT A TWO
LEVELS WAS WARRANTED BECUASE MR. LORA-PENA WAS CONVICTED UNDE 18
USC § 111(b). HOWEVER, THE EVIDENCE IN MR. LORA-PENA'S TRIAL DE-
MONSTRATE THAT "ASSUALT", IF ANY, WAS "MINOR" SUSTAINED BY THE
AUTHORITY. THE DISTRICT COURT INAPPROPIRATEL APPLIED THE AGGRAVATED

(b) **Direct Appeal of Ground Three:**           SEE REVERSED SIDE OF PAGE 8.

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: MR. LORA-PENA'S TRIAL AND
APPELLATE COUNSEL DID NOT DEEM THIS ISSUE SUITABLE FOR DIRECT
APPEAL. THUS, THE ISSUE WAS NOT RAISED BECAUSE OF HIS EVALUATION.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____ N/A _____

Name and location of the court where the motion or petition was filed:_____ N/A _____.

Docket or case number (if you know):_____ N/A _____

Date of the court's decision:_____ N/A _____

Result (attach a copy of the court's opinion or order, if available):_____ N/A _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐ N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A _____.

Docket or case number (if you know):_____ N/A _____

Date of the court's decision:_____ N/A _____

ASSAULT SENTENCE WHERE THE EVIDENCE WAS SCARCE AT BEST REGARDING
MR. LORA-PENA'S INTENT TO DO BODILY HARM TO THE OFFICER(S) AS DE-
FINDED IN U.S.S.G. § 2A2.2 APPLICATION NOTES. AGGRAVATED ASSAULT
UNDER U.S. SENTENCING GUIDELINE MANUAL § 2A2.2 IS DEFINED AS: "A
FELONIOUS ASSAULT THAT INVOLVED (1) A DANGEROUS WEAPON WITH INTENT
TO DO BODILY HARM(I.E. NOT MERELY TO FRIGHTEN); OR (2) SERIOUS
BODILY INJURY; OR (3) AN INTENT TO COMMIT ANOTHER FELONY. U.S.
GUIDELINE MANUAL § 2A2.2 COMMENT. (n.1). CORRESPONDINGLY, THE  U.S.
SENTENCING GUIDELINE MANUAL § 2A2.2 GUIDELINE FOR MINOR ASSAULT IS
EXPLICITLY DEFINED AS FELONIOUS ASSAULT NOT COVERED BY U.S. GUIDE-
LINE MANUAL § 2A2.2. HENCE, THE DISTRICT COURT USED THE WRONG
SENTENCING GUIDELINES IN MR. LORA-PENA'S CASE AND TRIAL COUNSEL
HAD OBLIGATION AND DUTY TO PROVIDE EFFECTIVE GUIDANCE ON THE EVID -
ENCE PROFFERED AT TRIAL (THAT DEMONSTRATE THAT ANY ASSUALT WAS) AND
U.S.S.G. MANUAL § 2A2.2 WAS THE APPRORIATE STARTING POINT FOR HIS
BASE OFFENSE LEVEL.

Result (attach a copy of the court's opinion or order, if available): __N/A__ _____ _____ __

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue: _____ __N/A__ _____

_____

_____

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: __ _____ _____

_____

_____

(c) **Post-Convictiou Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:_____ _____ __

    Name and location of the court where the motion or petition was filed:_____

_____

    Docket or case number (if you know):__ _____

    Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: NO. THERE IS NO GROUND THAT HAS PREVIOUSLY BEEN RAISED. _____

_____

_____

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ❑  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____ N/A _____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ___N/A_____

(b) At arraignment and plea: __N/A_____

(c) At trial: __CHARLES PERUTUJR, 2101 PINE STREET, PHILADELPHIA, PA 19103__

(d) At sentencing: SAME AT TRIAL.

(e) On appeal: WILLIMA RHOOUNDA , 1220 MERKET STREET, SUITE, 710 P.O. BOX 2054, WILIMINSTON, DELAWARE 19899

(f) In any post-conviction proceeding: __N/A_____

(g) On appeal from any ruling against you in a post-conviction proceeding: ____N/A_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____
_____N/A_____

(b) Give the date the other sentence was imposed: ____N/A_____

(c) Give the length of the other sentence: _____N/A_____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☐    N/A

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

MR. LORA-PENA's 2255 MOTION IS TIMELY BECAUSE HE WAS SENTENCED
ON DECEMBER 20, 2005, AND HIS APPEAL WAS TAKEN THEREAFTER AND
DISPOSED (AFFIRMATIVELY) ON APRIL 13, 2007. THE ONE YEAR BEGINS
FROM THE DATE THE SENTENCE BECOMES "FINAL" WHEN NO APEAL IS
TAKEN OR FROM WHEN THE DIRECT APPEAL HAS BECOME "FINAL" WHEN
NO APPEAL HAS BEEN TAKEN TO THE UNITED STATES SUPREME COURT
AFTER NINTY (90) DAYS. THE IS TIMELY.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>MR. LORA-PENA REQUESTS THAT</u> <u>HIS SENTENCE BE VACATED, SET ASIDE, OR CORRECTED WITHOUT THE</u> <u>ILLEGAL ENHANCEMENT LEVEL AND RESENTENCED UNDER THE OFFENSE LEVEL.</u>

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____

_____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

# PROOF OF SERVICE

I certify that on $\underline{Nov.\,27}$ , 2007(Date) I mailed a copy of this motion and attachments

via first class mail to the following parties at the addresses listed below:

United States District Attorney's Office
For The District of Delaware

844 KING STREET

WILIMINGTON, DELAWARE 19801-3570

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR
## INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or

incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on $\underline{Nov.}$ , 2007 (date) for

forwarding to the Court . . . I certify under the penalty of perjury that the foregoing is true and

correct. 28 U.S.C. §1746.

Signature

# PROOF OF SERVICE

I certify that on __Nov. 21__, 200__7__(Date) I mailed a copy of this motion and attachments

via first class mail to the following parties at the addresses listed below:

United States District Attorney's Office
For The District of Delaware

_844 KING STREET_

_WILIMINGTON, DELAWARE 19801-3570_

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR
# INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or

incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on __Nov. 22 2007__ (date) for

forwarding to the Court . . . I certify under the penalty of perjury that the foregoing is true and

correct. 28 U.S.C. §1746.

_____
Signature

