UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---

Nelson Lora-Pena,

    Petitioner,

vs.

United States of America,

    Respondent.

Criminal No. <u>05-47</u>

Criminal Action No.<u>05-47(KAJ)</u>

---

PETITIONER'S REQUEST TO SUPPLEMENT THE RECORD
PURSUANT TO THE FILED SECTION 2255 MOTION

NOW COMES, The Petitioner, Nelson Lora-Pena, acting <u>Pro Se</u> (hereinafter "Mr. Lora-Pena"), pursuant to Federal Civil Procedure Rules, Rule 15(a), moves to amendment the current § 2255 Motion base upon the followings:

A party may amend the party's pleading once as matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires. <u>See</u> Rule 15 (a).

In support thereof, Mr. Lora-Pena relies upon the following:

On April 9, 2005, Mr. Lora-Pena was arrested, two days thereafter, a Criminal Complaint was sworn to by a United States Marshal before United States Magistrate Judge Mary Pat Thynge. On that same day, Mr. Lora-Pena had an initial appearance hearing before Judge Thynge. Pursuant to a motion for the detention by the Government, Petitioner was detained pending a detention hearing scheduled for April 20, 2005. Mr. Lora-Pena remained in custody after the subsequent detention hearing.

On May 12, 2005, The Grand Jury for the District of Delaware returned a four-count felony indictment, charing Mr. Lora-Pena with assaulting a Federal Officer, in violation of 18 U.S.C. #111 (a)(1) and (b) (Counts One through Three), and resisting arrest, in violation of 18 U.S.C. #111(a)(1) (Count Four).

Mr. Lora-Pena pled not guilty. Subsequently, a jury was impanelled, then returned a guilty verdict against Mr. Lora-Pena.

The District Court ultimately sentenced Mr. Lora-Pena to 84 months imprisonment.

## PROSECUTORIAL MISCONDUCT

### THE COMBINED EFFECT OF THE PROSECUTION'S FAILURE TO DISCLOSE EXCULPATORY EVIDENCE RELATING TO A LAW ENFORCEMENT WITNESS AND ITS FAILURE TO CORRECT THE WITNESS'S FALSE TESTIMONY REGARDING PETITIONER GAINING ACCESS TO THE LAW ENFORCEMENT AGENT'S FIREARM AND FIRED A SHOT.

Petitioner contends that the Prosecutor had purposefully suppressed exculpatory evidence from the defense, and then capitalized on said evidence during trial. Specifically, it was alleged that on April 9, 2005, members of The United States Marshal Service Fugitive

Task Force served an arrest warrant on Mr. Lora-Pena at his residence located at 4 Dunbar Road, Newark, Delaware. During this period, it was alleged that after seeing the Marshals, that Mr. Lora-Pena fled through the rear end of the house. He was persued. That is when a confrontation between the Marshals and Mr. Lora_Pena ensued.

According to the Government's witness, as Mr. Lora-Pena fought the Marshals, he grabbed at several Marshals, in an apparent attempt to obtain their weapons. When Mr. Lora-Pena grabbed at one of the Marshal's shot gun, he caused it to discharge. The bullet when through the front door and into the landing. It barely missed a police officer at the scene. As a result of the incident, Mr. Lora-Pena inflicted minor lacerations to a Marshals hand, while he suffered multiple contusions and a broken eye socket.

However, contrary to the Prosecutor's case at trial, Mr. Lora-Pena did not--at no time at all--possessed the Marshals' gun, nor did Mr. Lora-Pena discharged the Marshals gun. In fact, two law enforcement officers have corroborated Mr. Lora-Pena's position that he did not grabbed ahold of the Marshals' gun, muchless to dischared it. Indeed, in accordance with the Delaware State Police Troop Two Criminal Investigations Unit (fax sheet),"...duirng a lenghty struggle with the fugitive, a firearm was <u>accidentally</u> dischaged by a <u>U.S. Marshal</u> --causing no injury". (See Attachment "A").

By not disclosing this exculpatory evidence to the court and jury, the trial prosecutor had violated Mr. Lora-Pena's constitutional duty under <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). In <u>Brady</u>, the Supreme Court mandates that prosecutors do have a duty to disclose all evidence in their position pertaining to a defendant. Moreover,

-3-

the Government's duty under <u>Brady</u> to disclose favorable evidence derives from a previously recognized constitutional obligation of the prosecutor to correct false testimony. See, e.g., <u>United States v. Bagley</u>, 473 U.S. 667, 679 N.8 (1985). In <u>Mooney v. Holhan</u>, 294 U.S. 103, 112 (1935), The Supreme Court held that the knowing use of perjured testimony by the prosecutor violates due process.

Subsequent Supreme Court decisions extended <u>Mooney</u>, which involved the knowing and intentional use of perjured testimony that related directly to the defendant's commission of the charged offense, to require a prosecutor to correct false testimony relating to a witness's credibility. In <u>Napue v. Illinois</u>, 360 U.S. 264, 269-70 (1959), a prosecution witness stated, in response to a question by the defense counsel, that he had not received any promise of lenient treatment by the Government in return for his testimony. Although the prosecutor had in fact made such a promise to the witness, the prosecutor did not correct the false testimony. In holding that the defendant's conviction was obtained in violation of due process, the court noted that "'THe principle that a state may not knowingly use false evidence, including false testimony, to obtain a tainted conviction,..does not cease to apply merely because the false testimony goes to credibility of the witness. The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilty or innocence...'' Id. at 269.

In the case at bar, the prosecutor knew (or should have known) that its' law enforcement witness was lying when he testified that Mr. Lora-Pena had grabbed the Marshal's gun and discharged it. The truth of the matter is that Mr. Lora-Pena did not touched the Mar-

-4-

shal's gun period, muchless to have discharged the thing. Furthermore, ther was absolutely no fingerprint, residue, nor one iota of evidence that Mr. Lora-Pena had ever touched the Marshal's gun. As such, the prosecutor had violated Mr. Lora-Pena's Sixth Amendment Right to Fair Trial.

WHEREFORE, based upon the foregoing and the fact that as a result of the allegation that Mr. Lora-Pena's base offense level by 5 points; thus, Mr. Lora-Pena rspectfully requests this Honorable Court to enter an ORDER dismissing the 5 points enhancement on Mr. Lora-Pena's base offense level. Alternatively, Mr. Lora-Pena requests a New and Fair Trial.

Executed this ___ day of ___, 2007.

Respectfully Submitted,

Nelson Lora-Pena, Pro Se *
Reg. No.: 03883-070
USP-Canaan
Post Office Box 300
Waymart, Pennsylvania 18472

cc.
Filed:
April Byrd
U.S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

---

* This petition was prepared by Shechem Lafayette, a former Law Clerk, Law Instructor and curent Student at Abraham Lincoln University School of Law.

EXHIBIT "A"

 

# Delaware State Police
# Troop Two
## Criminal Investigations Unit

# FAX SHEET

| | |
|---|---|
| To: | U.S. Marshal, ▓▓▓▓▓▓▓ |
| From: | Det. ▓▓▓▓▓▓▓ |
| Date: | 04-12-05 |
| Time: | 1030 hours. |
| Subject: | Assist U.S.M.S. |
| Pages w/cover: | 4 |

**FAX PHONE NUMBER: 1-302-573-6218**

\*\*\*\*Attached is a DSP Report for the assist DSP provided on Sat. 04-09-05. This report is classified, and is restricted in DSP's report system. Any questions, please call me. Thank you, ▓▓▓\*\*\*

Delaware State Police Troop 2
Criminal Investigations Unit
100 LaGrange Avenue, Newark, Delaware 19702
(O) 302-834-2620 x▓▓▓   (F) 302-834-2647   (P)▓▓▓▓▓▓
(mailto:▓▓▓▓▓▓@state.de.us)

**CONFIDENTIALITY NOTICE**
The information contained in this facsimile transmission for the Delaware State Police, Troop 2, Criminal Investigative Unit (C.I.U.) may be privileged and confidential and is intended for the sole use of the persons or entities named on this transmittal cover sheet. If you are not the intended recipient of this transmission, the dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you have received this transmission in error, please call the sender immediately to arrange for the return of this information.



U.S. Department of Justice  
United States Marshals Service

Page 1 of 2

# REPORT OF INVESTIGATION

| 1. CASE # (WIN) | 2. DATE(S) OF INVESTIGATION | 3. REPORTED |
|---|---|---|
| 157956 | 04/09/2005 | BY: Jack Leo |
| 4. CASE TITLE | | AT: Wilmington, De |
| Lora-Pena, Nelson | | |
| 5. OTHER PERSONNEL | | |
| USM Thomas, SDUSM Denney, DUSM David, TFO Fletcher, TFO Daily, TFO Bowers, TFO Hahn | | |
| 6. TYPE OF REPORT | | |
| Arrest | | |

Nelson Lora-PENA (PENA) was wanted by the United States Marshals Service (USMS) for a violation of Supervised Release Conditions; the Bureau of Immigration and Customs Enforcement for being Illegally in the United States and by the State of Rhode Island for Distribution of Heroin. He is also a known member of the Latin Kings Street Gang.

On April 9, 2005 at approximately 14:30, subsequent to conducting surveillance that produced a positive identification of the above mentioned fugitive, the above listed officers of the USMS Fugitive Task Force served an arrest warrant on PENA. Upon approaching the front of the residence PENA attempted to release two ferocious Pit Bull Terriors in an apparent effort to harm DUSM Leo and DUSM David. DUSM Leo subsequently readied an AR-15 rifle to hot standby (chambered round, safety on) in preparation to defend the personnel in the area against the dogs. Immediately thereafter, DUSM Leo and DUSM David observed PENA running through the house in an attempt to flee through the rear of the home. Upon attempting to escape, the rear cover officers consisting of SDUM Denney and USM Thomas pursued PENA into the residence and came under attack from both the dogs and PENA. In response DUSM David and DUSM LEO entered the residence through the front entrance. Upon their entrance into the residence, DUSM Leo and DUSM David encountered PENA attempting to flee from SDUSM Denney and USM Thomas and subsequently also came under attack. During the struggle PENA attempted to disarm DUSM Leo and subsequently discharged the weapon. In his attempt to gain control of the weapon, PENA grabbed DUSM Leo's hand in a manner that resulted in lacerations to DUSM Leo's hand apparently inflicted by PENA's fingernails. Photographs of the wounds were taken at the scene by USM Thomas. At the time of the discharge the weapon was pointed in a downward direction and away from all people at the scene.

The Delaware State Police evidence collection unit processed the scene and determined that the bullet had

| 7. SIGNATURE | 8. DATE | 11. DISTRIBUTION: |
|---|---|---|
| Jack Leo, DUSM | 4/11/05 | |
| 9. APPROVED (Name & Title) | 10. DATE | |
| R. Douglas Denney, SDUSM | 4/11/05 | 000021 |

FORM USM-11 (REV: 7/29/97)

*THIS REPORT IS THE PROPERTY OF THE UNITED STATES MARSHALS SERVICE.  
NEITHER IT NOR ITS CONTENTS MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED.*

| Page 1 | Report Date: 04/09/2005 | Agency: TROOP 2 STATE POLICE | | Complaint: 06-05-03719? |
|---|---|---|---|---|
| Reported Date and Time: SAT 04/09/2005 1528 | | Initial Crime Report | | Occurred: SAT 04/09/2005 1445 |

**Location:**
4 Dunbar RD Red Mill Farms    Newark, DE 19711
FOYER AREA OF RESIDENCE

**M.O. and Incident Overview:**
U.S. Marshals responded to the above location, and took a fugitive of nine years into custody. During the arrest, a struggle ensured between Deputy Marshals and the fugitive, causing a firearm being accidentally discharged. No injuries occurred.

| Grid 062-346 | Sector 61 | County New Castle | Domestic Related ☐Yes ☒No | 4-F-14 Sent? ☐Yes ☒No | Gen Broadcast Sent? ☐Yes ☒No |
|---|---|---|---|---|---|

## Victim Information

| Victim Number 001 | Name US MARSHALS SERVICE |
|---|---|

| Type Government | Sex | Race | Ethnic Origin | Age | D.O.B. |
|---|---|---|---|---|---|

| Address 844 King ST 1100 UNITED STATES COURT HOUSE Wilmington, DE 19801 | Resident Status | Business Telephone (302) 573-6176 | Employer/School | Work Telephone |
|---|---|---|---|---|

| Reporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |
|---|---|---|---|
| Injuries | | Description of Injuries | |

## Crimes and Associated Information

| Victim Number 001 | Crime Seq 001 | Statute | Crime Description Miscellaneous Investigation, Industrial Accident, Lost Property |
|---|---|---|---|

| Location Of Offense Residence/Home/Garage | Status Service Clear 04/09/2005 | Involvement ☐Alcohol ☐Drugs ☐Computer | General Offense |
|---|---|---|---|

| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 8198 - Miscellaneous Investigation |
|---|---|

| Burglary Force Involved ☐Yes ☐No |
|---|

### Investigative Narrative

Original report by Det. ▇▇▇▇▇▇▇▇▇ of DSP Troop 2, Major Crimes Unit

*bmc*

On Saturday, 04-09-05, at approximately 1600 hours, I was contacted by Sgt. ▇▇▇▇, reference assistance being requested of the U.S. Marshals Service. Sgt. ▇▇▇▇ further advised me that U.S. Marshal's took a Fugitive of nine years into custody, however, during a lengthy struggle with the Fugitive, a firearm was accidentally discharged by a U.S. Marshal----causing no injury. The location of this incident, was the current residence of the Fugitive; at 4 Dunbar Rd, Newark, De (Development of Red Mill Farms).

On Saturday, 04-09-05, at approximately 1621 hours, both Sgt. ▇▇▇▇ and Det. ▇▇▇▇ responded to the scene.

*bmc*

On Saturday, 04-09-05, at approximately 1643 hours, I responded to the scene. Upon my arrival I contacted Supervisory Deputy Marshal, ▇▇▇▇. See below synopsis for details of this incident. I was informed by SDM ▇▇▇▇ that his agency (U.S. Marshal's Service) will conduct their own internal investigation. Additionally, SDM ▇▇▇▇ advised me that all persons on scene will right their own respective narratives on this incident. SDM ▇▇▇▇ requested DSP assistance in assuring the scene integrity of this incident, via DSP Crime Report. SDM ▇▇▇▇ further requested DSP assistance with evidence collection, and the locating of the bullet from the AR 15 Assault Rifle that was fired in this incident.

NOTE: This report was generated at the request of the U.S. Marshal for the State of Delaware. The capacity of DSP was to ensure scene integrity, and assist in evidence collection. This report will not determine or investigate the issue of the **AR 15 being accidentally discharged**. For all matters in regards to the investigation of the Fugitive himself, the accidental discharge of an AR 15 Assault Rifle, and the internal investigation resulting from the

*bmc*

| Reporting Officer | Pending Supervisory Review: |
|---|---|

| Page | Report Date: | Agency: | Complaint: |
|---|---|---|---|
| 2 | 04/09/2005 | TROOP 2 STATE POLICE | 06-05-03719? |

## Investigative Narrative - Continued

accidental discharge, refer to; U.S. Marshal's report----Fugitive Identification Number: FID: 157956.

*****SYNOPSIS***** SDM ▮▮▮ advised me that his team obtained classified information via classified means, on the location of a Fugitive of nine years by the name of; Nelson Lora-Pena (WMH DOB: 08-2-66). Fugitive Lora-Pena is wanted on a violation of federal parole, and has an INS (US Immigration and Naturalization Service) Deportation Order. SDM ▮▮▮ stated that his team of eight persons (including Marshal ▮▮▮, and DSP personnel; Det. ▮▮▮, and Det ▮▮▮), responded to 4 Dunbar Road, and surrounded the residence (after confirming the Fugitive was inside the residence). After gaining access to the residence (eluding Pit Bull dogs, and other obstacles), SDM ▮▮▮ stated that his team pursued the Fugitive into the bedroom of the residence, where a lengthy struggle began. According to SDM ▮▮▮, this struggle continued and moved into the foyer/living room area of the residence.

Once at the foyer/living room area of the residence, the struggle continued, at which point the Fugitive managed to grab a hold of several U.S. Marshals bringing several of them to the ground. U.S. Deputy Marshal ▮▮▮ was assigned a AR 15 Assault Rifle, (model number XM15-E2S, serial #: BF14229928). DM ▮▮▮ was among the U.S. Marshal's struggling with the Fugitive. During DM ▮▮▮ attempt to assist in the arrest, the Fugitive grabbed a hold of him ▮▮▮ causing him to also proceed to the ground. At this point, one round was fired from the AR 15 Assault Rifle being held by DM ▮▮▮. The round traveled out the bottom of the front door of the residence and into the concrete pad, outside the front door. The round disintegrated on impact, and was not recovered. No persons (Law Enforcement, Fugitive, or Citizens) were injured as a result of the accidental discharge. (note; again, the accidental discharge event will not be investigated by DSP. Refer to narrative by D.M. ▮▮▮ for details of this event FID:157956)*****END*****

FUGITIVE INFORMATION: Nelson Lora-Pena, WMH DOB: 08-02-66, Hgt: 5'07", Wgt: 135, Eyes: brown, Hair: Black, Current Address; 4 Dunbar Road, Newark, De. 19711. NCIC #N770147254, FBI #119230HA9, OCA #A014842371.

WEAPON INFORMATION: Bushmaster, XM-15 E2S; Caliber .223 Rem. (5.56mm), Mode of Operation; Gas Operated Semi-Automatic. Serial #BF14229928.

Supplement pending from Det. ▮▮▮ (Evidence Detection Unit).

See also U.S. Marshal's Report, FID:157956.

A copy of this report to be fax'ed to the U.S. Marshal Service in Delaware on Monday, 04-11-05.

A copy of U.S. Marshal's Report, FID:157956 to be fax'ed to me, and attached to this report.

This report is classified "restricted", due to investigative techniques of the U.S. Marshal's Service, and at the request of Supervisory Deputy Marshal, ▮▮▮.

Any and all media notification to be prepared and conducted by the U.S. Marshal's Service, of

| Reporting Officer | Pending Supervisory Review |
|---|---|
| ▮▮▮ | |

| Page: 3 | Report Date: 04/09/2005 | Agency: TROOP 2 STATE POLICE | Complaint: 06-05-03719 2 |

**Investigative Narrative - Continued**

Wilmington, Delaware.

DSP Troop 2 Administration and Executive Staff notified by Sgt. ███████, and by email from me.

Sgt. ███████ of DSP Troop 2 Major Crimes notified by me on Saturday, 04-09-05

CASE CLOSED----SERVICE CLEAR

Reporting Officer: DET ███████

Status: Closed



Enclosed with this report are photos of LORA, ███ their records, and warrants.

LORA has never shown violence, but is a major heron dealer. LORA ███



LEGAL MAIL: