UNITED STATES DISTRICT COURT

FOR THE SECOND CIRCUIT    DISTRICT OF DELAWARE

FILED
JUN 3 0 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

NELSON LORA PENA
PETITIONER,

v.

UNITED STATES OF AMERICA
RESPONDENT.

Case No. 05-47 JJF

Motion for Sentence Adjustment

Now comes Nelson Lora Pena   Defendant/petitioner, and a permanent resident alien was convicted of resist interfere and is presently serving his time at Northeast Ohio Correction Center   Because of his status as a deportable alien, Petitioner was ineligible to receive the rewards which are offered for residential drug abuse program (DAP). Also petitioner cannot receive a timely Half-Way House-release. This places the Defendant/petitioner to serve sentence under circumstances more severe than those facing citizens under similar circumstances. "Collateral Consequences" are not part of the judgment of conviction and are not imposed upon the defendant for the purpose of punishing him. The issue presented by this Case is whether unusual harsh Collateral Consequences that are visited by Law on a Defendant as a result of his conviction may provide a basis for mitigating the penal sanction that would otherwise be required by the sentencing guideline.
Collateral Consequences are not part of the judgment of conviction and are not imposed upon the Defendant for the purpose of punishing him. The effect of such Consequences, However, are as punitive as the term of incarceration. This is particular true in this Case where the Collateral Consequences is DEPORTATION and where a

**ATTACHMENT**

<u>U.S. V. RESTEREPO. cite as 802 F. SUPP. 781 (E.D.N.Y.1992)</u>

Solely because of his status as a deportable alien, the Defendant Sentence will be served under circumstances that are more severe than those facing a United States Citizen, who are equally culpable and who receive the identical guideline sentence, the Defendant/Petitioner will not be eligible to serve his sentence in minimum security facility nor a portion of the last ten (10) percent of his sentence in a half-way House or other community custody programs including home confinement, and if he participated in (DAP) he will not receive the time reduction either, Defendant/Petitioner has a right to receive a reduction of sentence not to exceed Six (6) Months.

**CONCLUSION**

Defendant/Petitioner feel that he is entitled to at least the Six (6) Months mentioned above reduction of sentence under the <u>RESTEPO V. U.S. 802 SUPP. 781 (E.D.N.Y. (1992)</u>.
Petitioner is not a learned man of the Law and therefor asks this Honorable Court respectfully to read this motion with leniency afforded to such unlearned man of the Law.

**PRAYER**

Defendant/petitioner Respectfully requesting from this Honorable Court to grant him an Order for the requested adjustment of his Sentence.

Respectfully Submitted

Executed on: June 25/2008     by _____
<u>NORTHEAST OHIO CORRECTIONAL CENTER</u>   Nelson Lora Pena
<u>2240 Hubbard Rd, Youngstown, Ohio</u>
<u>44505.</u>

-3-

Consequences of that consequence is a longer period on imprisonment under more severe conditions than that would apply to a UNITED STATES CITIZENS convicted of the same offence.

### CERTIFICATE OF FILING AND SERVICE

Pursuant to the principles of Houston V. Lack. **487 U.S. 226.101. L.E.D. 2d.245, 108. S.ct.(1988).** and Supreme Court Rule **29.2** the attached document were filed with this Court on this 25 day of June 2008 and served on the counsel of the opposing party at the address below of the Assistant United states Attorney, and the original with two copies to the clerk of this Court and by the way of depositing it into the U.S. Mail Box at 2240 Hubbard Road in Youngstown, Ohio 44505

C.C. TO: Assistant United States Attorney
   At. _____

   _____

   _____

I, declare under the penalty of perjury that all the information above are true and correct.

Respectfully Submitted

Executed On: June / 23 /2008     By _____
NELSON/ LORA PENA
N.E.O.C.C.
2240 Hubbard Rd
Youngstown, Ohio 44505

<mark>Case 1:05-cr-00047-JJF Document 59 Filed 06/30/2008 Page 4 of 4</mark>

