UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No. 05-47-JJF |
|     Respondent/Plaintiff, | : | Civil Action No. 07-789-JJF |
| v. | : | |
| | : | |
| NELSON LORA-PENA, | : | |
| | : | |
|     Movant/Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR SENTENCE ADJUSTMENT**

NOW COMES the United States of America, by and through its counsel, Colm F. Connolly, United States Attorney, and Seth M. Beausang, Assistant United States Attorney, and hereby responds to Movant/Defendant Nelson Lora-Pena's Motion For Sentence Adjustment. The Government respectfully requests that Defendant's Motion be denied without a hearing for the following reasons:

    1.    On September 16, 2005, Defendant was convicted by a jury of forcibly assaulting, resisting, and interfering with four members of the United States Marshal Service Fugitive Task Force who arrived at his house to arrest him. (Crim. Action No. 05-47-JJF, Doc. No. 32.) Defendant filed a direct appeal which was denied by the Court of Appeals for the Third Circuit on April 13, 2007. (Doc. No. 46.) The Defendant's conviction therefore became final for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on July 12, 2007, i.e., 90 days after his conviction became final, when his time for petitioning for a writ of certiorari expired. See Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999).

    2.    Defendant filed his first § 2255 motion on December 6, 2007, within the one-year

period of limitation imposed by AEDPA.  The Government filed its opposition to Defendant's § 2255 motion on February 13, 2008.  Defendant's § 2255 motion remains pending.

3. Defendant's most recent filing, entitled, "Motion For Sentence Adjustment," was filed within the one-year limitation period, and should therefore be construed as a timely motion to amend his § 2255 motion, and not a second or successive § 2255 motion.  See Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999).  Because the Government already filed its opposition to Defendant's § 2255 motion, the Defendant can only amend his motion with leave of the court, which should be freely given "when justice so requires."  FED. R. CIV. P. 15(a)(2).  As explained below, the Defendant's proposed amendment should be denied as futile because the amendment does not state a claim.  In the alternative, the Court should dismiss the Defendant's amended motion without a hearing.

4. Defendant's amended motion contends that the issue before the Court is "whether unusual harsh Collateral Consequences that are visited by Law on a Defendant as a result of his conviction may provide a basis for mitigating the penal sanction that would otherwise be required by the sentencing guideline."  (Doc. No. 59 at 1.)  Essentially, Defendant claims that he was entitled to a reduction in his sentence because, as a deportable alien, he is not eligible to serve a portion of his sentence in a halfway house or other community custody program, nor receive a reward for participating in a drug abuse program.  (Id.)

5. Because the Defendant failed to raise these claims in his direct appeal, the issue before the Court is whether Defendant's counsel was ineffective for failing to seek a reduced sentence on these grounds.  See United States v. Massaro, 538 U.S. 500, 504 (2003).  To prevail on a claim of ineffective assistance of counsel, Defendant must meet the two-part test set forth in

Strickland v. Washington, 466 U.S. 668 (1985).  First, "defendant must show that counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 687-88.  "Judicial scrutiny of counsel's performance must be highly deferential," and there exists "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  Second, the Defendant must show that his counsel's deficient performance prejudiced him.  Id. at 687.  In other words, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  The Third Circuit has emphasized that the second part of the test – whether the defendant was prejudiced – should be addressed first.  See, e.g., McAleese v. Mazurkiewicz, 1 F.3d 159, 170 (3d Cir. 1993).

6.    Here, Defendant cannot meet the second prong of the Strickland test because his claims are meritless.  First of all, the Defendant's argument that his counsel was ineffective for failing to argue for a reduced sentence based on the fact that the Defendant is a deportable alien must be rejected because the Defendant's counsel *did* make that argument.  (See Doc. No. 54, Ex. 3 at 20 ("It's just ironic whatever punishment he serves here, he is then banished to the Dominican Republic, which is more punishment than any of us can envision, including him.  I would ask that you take that into consideration.").)  The district court nevertheless concluded that a sentence at the low end of the Sentencing Guidelines range was appropriate.  (Id. at 31-32.)  Thus, Defendant's argument should be rejected.  See, e.g., United States v. Ortiz, No. 06-3325, 252 Fed. App'x 467, 468 (3d Cir. Oct. 29, 2007) (rejecting the defendant's claim that his counsel was ineffective for failing to argue for a downward departure based on the defendant being a deportable alien because "the record does show that the District Court considered the § 3553(a)

3

factors as well as Ortiz's immigration status in fashioning its sentence").

    7.    To the extent Defendant is claiming that his counsel was ineffective for failing to seek a reduced sentence on the ground that the Defendant is ineligible for placement in a halfway house and other programs, that argument should be rejected because the claim has no merit. The district court case that Defendant relies on to support his claim was vacated by the Court of Appeals for the Second Circuit. See United States v. Restrepo, 802 F. Supp. 781 (E.D.N.Y. 1992), vacated by, 999 F.2d 640 (2d Cir. 1993). In Restrepo, the Second Circuit concluded that the defendant's ineligibility for placement in a halfway house was not an appropriate reason to grant the defendant a departure. Restrepo, 999 F.2d at ("In any event, if there is a defect in the Bureau's policy toward reassignment of deportable aliens, the appropriate way to remedy that defect would be pursuit of an action that challenges such a policy head-on, not the ad hoc granting of departures that have the effect of creating the very type of disparity in sentencing that the adoption of the Guidelines was intended to eliminate."). Thus, the Defendant's claim here that he deserved a reduced sentence based on his ineligibility for placement in a halfway house and other programs has not merit. Because Defendant's counsel could not have been ineffective for failing to raise a meritless claim, Defendant cannot meet either prong of the Strickland test.

8.	For all of the above reasons, Defendant's Motion should be denied.  Because the Motion does not raise any legally cognizable claim, and because all the factual issues may be resolved by reviewing the Motion and records in this case, the Motion should be denied without a hearing.

DATED: July 14, 2008.                                             Respectfully Submitted,

                                                                                    COLM F. CONNOLLY
                                                                                    United States Attorney

                                                                        By:      /s/ Seth M. Beausang
                                                                                    Seth M. Beausang (I.D. No. 4071)
                                                                                    Assistant United States Attorney
                                                                                    1007 Orange Street, Suit 700
                                                                                    Wilmington, Delaware 19801

## CERTIFICATE OF SERVICE

  I, Seth M. Beausang, hereby affirm under penalty of perjury that the Government's Opposition To Defendant's Motion For Sentence Adjustment was served by US Mail this 14th day of July, 2008 on the following pro se Defendant/Movant:

Nelson Lora-Pena  
Reg# 03883-070  
Northeast Ohio Correctional Facility  
2240 Hubbard Raod  
Youngstown, OH 44505

              /s/ Seth M. Beausang  
              Seth M. Beausang  
              Assistant United States Attorney